UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TROOPER DONNA JANE WATTS,

    Plaintiff,

vs.                                             Case No.: 3:15-cv-756-J-39MCR

CITY OF JACKSONVILLE, FLORIDA,
PAMELA ABBOUD, AND
BRIJIN PEMBERTON,

    Defendants.
_____/

**NOTICE PURSUANT TO F.R.C.P. 5.1 AND LOCAL RULE 24.1(a)**

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

Pursuant to Rule 5.1, Fed. R. Civ. P., and Local Rule 24.1(a), you are hereby notified that Defendant CITY OF JACKSONVILLE will draw into question in this action the constitutionality of an Act of Congress, 18 U.S.C. § 2721, *et seq.*, the Driver's Privacy Protection Act of 1994 (the "DPPA"), a statute which affects the public interest. This notice and a copy of Defendant's motion [Doc. 6] have been served on the Attorney General of the United States, in accordance with Rule 5.1(a)(2), Fed. R.Civ. P., and 28 U.S.C. § 2403(a).

You are further notified that neither the United States, nor any agency, officer or employee thereof, in its or their official capacity, is a party to this action.

Defendant City asserts that Plaintiff's attempt in this action to rely upon and base her cause of action on the DPPA will not withstand constitutional scrutiny as applied and in the context alleged. Congress lacks the power under the Commerce Clause to regulate the use of state information that is not "in commerce." The accessing of Plaintiff's driver's license

information through the State of Florida's/Department of Highway Safety and Motor Vehicles' D.A.V.I.D. system by the City's police officers does not place that information "in commerce" such that Congress can constitutionally regulate its disclosure under the DPPA, since such "use" does not constitute economic activity. Congress' attempt to regulate the use of state driver's license information that is collected and used for public safety purposes and that is not "in commerce" interferes with the core sovereignty of the State in violation of the 10th Amendment to the United States Constitution.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**
**CITY OF JACKSONVILLE**

/s/ Stephen J. Powell
**STEPHEN J. POWELL**
**ASSISTANT GENERAL COUNSEL**
Florida Bar No.: 0663891
E-mail: spowell@coj.net
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone: (904) 630-1847
Facsimile: (904) 630-1316
Attorneys for Defendant City of Jacksonville

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

I also certify that that a copy hereof, with Defendant's motion [Doc. 6], has been sent by certified mail (#91719690093500062175736), return receipt requested, to The Honorable Loretta E. Lynch, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001.

/s/ Stephen J. Powell
**STEPHEN J. POWELL, ESQ.**