UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNA JANE WATTS,

       Plaintiff,

v.

CITY OF JACKSONVILLE, FLORIDA, *et al.*,

       Defendants.

Case No.: 3:15-CV-756

Electronically Filed

**UNITED STATES' ACKNOWLEDGEMENT OF
CONSTITUTIONAL CHALLENGE
AND REQUEST FOR EXTENSION OF TIME**

On September 22, 2015, Defendant City of Jacksonville, Florida, filed a Notice of Constitutional Challenge pursuant to Federal Rule of Civil Procedure ("Rule") 5.1(a). ECF No. 7. Individual Defendants Pamela Abboud and Brijin Pemberton followed suit on September 24, 2015. ECF No. 10. All three Defendants challenge the constitutionality of the Driver's Privacy Protection Act of 1994 (the "DPPA"), 18 U.S.C. § 2721, *et seq.*, as applied to their alleged conduct.

The United States is authorized to intervene in any federal court action in which the constitutionality of an Act of Congress is called into question. 28 U.S.C. § 2403(a). "The court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b). The Court has not yet certified this constitutional challenge. Pursuant to Rule 5.1, the United States may intervene

within sixty days after a notice of constitutional challenge has been filed, or November 23, 2015,[1] "[u]nless the court sets a later time." Fed. R. Civ. P. 5.1(c).

Counsel for the United States respectfully advises the Court that, consistent with its usual approach, the United States is in the process of deciding whether to intervene in this action pursuant to 28 U.S.C. § 2403(a). The process of obtaining approval to intervene takes at least several weeks.[2] The Civil Division of the Department of Justice did not receive notice of Defendants' challenge until October 16, 2015. Undersigned counsel only recently was assigned to handle this matter.

The United States is working expeditiously to complete the process of determining whether to participate in this lawsuit. The United States anticipates that it would be prepared to advise the Court of its position no later than December 30, 2015, and requests that the time period for the United States' intervention be extended until that date. If the United States makes a decision before that date not to participate, it will immediately notify the Court. The United States appreciates the Court's consideration and patience.

November 22, 2015                Respectfully Submitted,

                                 BENJAMIN C. MIZER
                                 Principal Deputy Assistant Attorney General

---

[1] Rule 5.1(c) provides that the United States may intervene within sixty days after the filing of a notice of constitutional challenge to a federal statute. The sixtieth day after September 22, 2015, is Saturday, November 21. Because that date falls on a weekend, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the time to intervene is extended until the following Monday.

[2] The decision whether to intervene in an action is made by the Solicitor General. 28 C.F.R. § 0.21.

JACQUELINE COLEMAN SNEAD
Assistant Director, Federal Programs Branch

 /s/ Joseph E. Borson___
JOSEPH E. BORSON
Trial Attorney (Virginia Bar No. 85519)
U.S. Department of Justice,
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-1944
Facsimile: (202) 616-8460
E-mail: joseph.borson@usdoj.gov


*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 22, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the parties.

/s/ *Joseph E. Borson*
JOSEPH E. BORSON